UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23131-CIV-LENARD/O'SULLIVAN

RAUL FAGUNDEZ,

    Plaintiff,

v.

LOUISVILLE LADDER, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the Defendants' Joint Motion for Summary Judgment (DE # 99, 6/6/11) and the Defendants' Memorandum in Support of Joint Motion for Summary Judgment (DE # 100, 6/6/11). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having reviewed the applicable filings and law, the undersigned respectfully RECOMMENDS that the Defendants' Joint Motion for Summary Judgment (DE # 99, 6/6/11) and the Defendants' Memorandum in Support of Joint Motion for Summary Judgment (DE # 100, 6/6/11) be **DENIED** in light of its denials of the defendant's motions in limine to exclude plaintiff's expert opinions as more fully discussed below.

## STANDARD OF REVIEW

This is a products liability case based on theories of strict liability against both defendants, negligent design and manufacture against Louisville Ladder, and negligent distribution against Home Depot, for injuries resulting from an accident involving a

ladder.  The defendants seek summary judgment on the plaintiff's claims.  The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56 (a).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. The moving party bears the burden of meeting this standard. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>U.S. v. Four Parcels of Real Prop.</u>, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting <u>Celotex</u>, 477 U.S. at 323) (internal quotation marks omitted). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. <u>Batey v. Stone</u>, 24 F.3d 1330, 1333 (11th Cir. 1994). "When evaluating cross-motions for summary judgment, the Court analyzes each individual motion on its own merits and thus views the facts on each motion in the light most favorable to the respective nonmovant." <u>Adega v. State Farm Fire & Cas. Ins. Co.</u>, No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct.16, 2009). Summary

judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Id. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

Under Florida law, to prevail in a products liability case for either negligence or strict liability, the plaintiff must establish a defect in the subject product, i.e., the ladder. See West Caterpillar Tractor Co., 336 So. 2d 80, 87 (Fla. 1976).  "'Design defects must be proven by expert testimony.'" Cooper v. Old Williamsburg Candle Corp., 653 F. Supp. 2d 1220, 1225 (M.D. Fla. 2009) (quoting Alvarez v. General Wire Spring Co., No.

8:07-cv-1319-T-33TGW, 2009 WL 248264, *4 (M.D. Fla. Feb. 1, 2009) (other citations omitted)); Principi v. Survivair, Inc., 231 F.R.D. 685, 687 (M.D. Fla. 2005); Alexander v. Danek Medical, Inc., 37 F. Supp. 2d 1346, 1349 (M.D. Fla. 1999) ("To prove a defective product, a defect must be proven by expert testimony.") (citing Humphreys v. Gen. Motors Corp., 839 F. Supp. 822, 828-29 (N.D. Fla. 1993), aff'd, 47 F.3d 430 (11th Cir. 1984); Broderick v. Danek Medical, Inc., No. 95-8644-CIV-RYSKAMP, 1999 WL 1062135 (S.D. Fla. April 9, 1999).

The defendants argue that the plaintiff has not produced admissible opinion testimony on product defect.  Without competent technical testimony, the defendant argues that the plaintiff is unable to prove either that the subject ladder contains an unreasonably dangerous defect or that any such defect was the proximate cause of his accident and injuries.  Defs' Motion for Summary Judgment p. 6 (DE# 100, 6/6/11). Defendant argues that the plaintiff's only evidence of an alleged defect in the accident ladder is contained in the Rule 26 reports authored by his two proposed engineering experts, John Schwartzberg and Oren Masory.  Id. p. 7.  The undersigned denied the defendant's motions to exclude these experts.  Thus, the plaintiff has sufficient record evidence to demonstrate the existence of genuine issues of material fact.  See Meneely v. Denman Tire Corp., No. GCA 93-10151-MMP, 1995 WL 902213, *8 (N.D. Fla. July 20, 1995).

## **CONCLUSION**

The defendants are not entitled to summary judgment on the plaintiff's claim because material issues of fact exist.  Accordingly, the Court should deny the Defendants' Joint Motion for Summary Judgment (DE # 99, 6/6/11).

4

**RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that the Defendants' Joint Motion for Summary Judgment (DE # 99, 6/6/11) be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 22nd day of December, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All Counsel of Record