UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23131-CIV-LENARD/O'SULLIVAN

RAUL FAGUNDEZ,

    Plaintiff,

v.

LOUISVILLE LADDER, INC.,

    Defendant.
_____/

**OMNIBUS ORDER**

THIS MATTER came before the Court on the Plaintiff's Motion in Limine to Exclude Opinion Testimony of George Krauss, Sc.D., P.E. and Memorandum of Law in Support (DE# 88, 5/26/11); and the Plaintiff's Motion in Limine to Exclude Opinion Testimony of Thomas E. Bayer, P.E., Thomas J. Schmitt, P.E., and Spencer Gross, P.E. and Memorandum of Law (DE# 97, 6/3/11).  The parties filed their respective responses and replies and the motions are ripe for disposition. These matters were referred to the undersigned by the Honorable Joan A. Lenard. (DE# 135, 10/24/11)  Having carefully reviewed the applicable filings and law, for the reasons stated below, it is

ORDERED AND ADJUDGED that

1.  The Plaintiff's Motion in Limine to Exclude Opinion Testimony of George Krauss, Sc.D., P.E. and Memorandum of Law in Support (DE# 88, 5/26/11) is DENIED except to exclude opinion testimony regarding the teacher/student relationship between the plaintiff's and the defendant's experts.

2.  The Plaintiff's Motion in Limine to Exclude Opinion Testimony of Thomas E. Bayer, P.E., Thomas J. Schmitt, P.E., and Spencer Gross, P.E. and Memorandum of Law (DE# 97, 6/3/11) is DENIED except to exclude opinion testimony regarding the credibility of witnesses to

the accident and to recommend that an appropriate jury instruction should be given to the jury regarding the inapplicability of ANSI and OSHA standards in the strict liability claim.

## ANALYSIS

"The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial.  A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of America, Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)).  District courts have broad discretion in deciding to admit or exclude expert testimony.  Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997).

I.      **Opinion Testimony of George Krauss, Sc. D., P.E.**

The plaintiff seeks to exclude the testimony of George Krauss, a metallurgical consultant hired by the defendant as a rebuttal expert.  The plaintiff's expert, John Schwartzberg, was a student of Dr. Krauss. The plaintiff contends that Dr. Krauss' opinions should be excluded because they are not relevant under Fed. R. Evid. 403.  Even if relevant, the plaintiff argues that Krauss' report and testimony will not assist the trier of fact to determine a fact in issue.  The plaintiff maintains that his testimony "would be of little probative value" or potentially "a waste of time."  The plaintiff does not argue that Dr. Krauss is not qualified to testify competently regarding the matters in his report.  Dr. Krauss should be permitted to testify regarding the deficiencies in John Schwartzberg's report and testimony.  Testimony regarding the teacher/student relationship between the experts should be excluded.  See, e.g. Defendants' Response at 3 (DE# 91, 6/2/11) ("Dr. Krauss is dismayed that his former student's report 'does not even assess what the rivet's intended function might be, that is, the loads or forces the rivets are expected to see during ladder usage.'") (quoting Dr. Krauss' Report DE#

86-4, at 3).

## II.  Opinion Testimony of Thomas E. Bayer, P.E., Thomas J. Schmitt, P.E., and Spencer Gross, P.E.

The plaintiff seeks to exclude the testimony of the defendants' experts on the grounds that the randomly selected exemplar ladder was manufactured in March 2001 and contained modifications that did not exist in the accident ladder that was manufactured in October 2000. The plaintiff contends that defendants did not conduct any post-production test on any of the approximately 16,000 ladders that were manufactured in the same way as the accident ladder. Effective cross-examination should address the purported deficiency in the defendants' experts' testimony.  See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1345 (11th Cir. 2003) ("The identification of such flaws in generally reliable scientific evidence is precisely the role of cross-examination") (citing Daubert, 509 U.S. at 596).  "'In most cases, objections to the inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility.'" Id. (quoting Hemmings v. Tidyman's Inc., 1174, 1188 (9th Cir. 2002)).

"[T]he issue of manufacturer compliance with industry standards is generally considered to be irrelevant in a strict liability case." Rexrode v. American Laundry Press Co., 674 F.2d 826, 831 (6th Cir. 1982).  The subject action includes a count for negligence against the manufacturer.  Testimony regarding ANSI and OSHA compliance is admissible regarding the negligence claim with an appropriate limiting jury instruction as to its irrelevance for the strict liability claim.  See Evans v. Dugger, 908 F.2d 801, 805-06 (11th Cir. 1990) (discussing industry standards in relation to duty of care owed prisoners within the control of prison officials).

"[A] witness's credibility is 'not appropriate subject matter for expert testimony.'" Richman v. Sheahan, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006)(quoting United States v. Welch, 368 F.3d 970, 975 (7th Cir. 2004)).  The plaintiff's motion in limine should be granted to exclude

3

expert testimony regarding the credibility of the plaintiff or other witnesses.

## CONCLUSION

Based on the foregoing reasons, the Plaintiff's Motion in Limine to Exclude Opinion Testimony of George Krauss, Sc.D., P.E. and Memorandum of Law in Support (DE# 88, 5/26/11) is DENIED except to exclude opinion testimony regarding the teacher/student relationship between the plaintiff's and the defendant's experts; and the Plaintiff's Motion in Limine to Exclude Opinion Testimony of Thomas E. Bayer, P.E., Thomas J. Schmitt, P.E., and Spencer Gross, P.E. and Memorandum of Law (DE# 97, 6/3/11) is DENIED except to exclude opinion testimony regarding the credibility of witnesses to the accident and to recommend that an appropriate jury instruction should be given to the jury regarding the inapplicability of ANSI and OSHA standards in the strict liability claim.

DONE AND ORDERED, in Chambers, at Miami, Florida this **26th** day of January, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record